UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORGREN AUTOMATION SOLUTIONS, INC.,

      Plaintiff,

v.

K & A TOOL COMPANY,

      Defendant.

_____/

Case No. 11-12675

Honorable John Corbett O'Meara

## OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT,
## DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
## DENYING AS MOOT PLAINTIFF'S MOTION TO FILE A SUR-REPLY

This matter came before the court on plaintiff Norgren Automation Solutions' June 25, 2012

motion for partial summary judgment; defendant K & A Tool Company's June 25, 2012 motion for

summary judgment; and Plaintiff's August 10, 2012 motion to file a sur-reply. The issues were fully

briefed, and oral argument was heard November 1, 2012.

## BACKGROUND FACTS

This is a patent infringement suit. Plaintiff Norgren Automation Solutions is the owner of

U.S. Patent No. 6,540,188 ("the '188 patent"). Count II of Norgren's complaint states a claim for

infringement against defendant K & A Tool Company ("K & A") under theories of contributory

infringement and inducement of infringement.

The '188 patent describes a mounting arrangement that allows industrial tooling to be

connected to an automated system, such as a robot or moving rail. These devices are a two-part

assembly, and the parts are commonly referred to in the industry as "receivers" and "adapters." One

purpose of the mounting arrangement of '188 is to allow a tooling arm to be removed and replaced

with a different tooling arm that includes different tools.  In a manufacturing environment, a production line can be used to make several different kinds of parts.  Production of each kind of part requires a different set of tooling, and the mounting arrangement described in the '188 patent allows the tooling to be changed quickly.  Plaintiff Norgren makes and sells receivers and adapters designated by model numbers LRR2 and LRA2, respectively, that are the commercial embodiments of the '188 patent.

Defendant K & A makes and sells adapters that it admits are to be used with Norgren's receivers.  In fact, K & A's adapters must fit Norgren's receivers in order to function.  However, K & A denies it adapters infringe Norgren's patent based on three affirmative defenses: implied license, patent exhaustion, and the doctrine of permissible repair.

## LAW AND ANALYSIS

As a threshold matter, the parties disagree on the burden-shifting analysis the court should use in this case.  Defendant K & A asserts that there is no patent infringement if it can establish any of its affirmative defenses.  However, plaintiff Norgren correctly argues that Defendant has admitted patent infringement and that after that, Defendant is left to its proofs regarding its affirmative defenses.  The United States Court of Appeals for the Federal Circuit has explained that the patentee carries the initial burden of showing infringement because the patent claims read literally on the remanufactured product.  The alleged infringer is then tasked with carrying the burden of proving its affirmative defenses, "including [showing] that the activities performed in processing the used [products] constituted permissible repair."  Jazz Photo Corp. v. International Trade Comm'n, 264 F.3d 1094, 1101-02 (Fed. Cir. 2001).

2

Defendant has offered five affirmative defenses; however, the first and last are that Defendant has not infringed and that Plaintiff has failed to state a claim for infringement. Both defenses are rendered moot by Defendant's own admissions that its adapters *do* infringe the '188 patent combination. Therefore, Defendant's remaining affirmative defenses, as stated above, are implied license, patent exhaustion, and the doctrine of permissible repair.

## I. Implied license

Defendant K & A asserts that when Norgren sells its mounting receiver separately, "it grants its customers an implied license to use Norgren's receiver with K & A's tooling arm in accordance with the patented combination." Def.'s resp. at 5. Defendant further asserts, "Norgren's license to its customers entitles those customers to use any tooling arm with its legally-owned mounting receiver that it purchased from Norgren." Id.

The Federal Circuit has held that if a part has no non-infringing use and the sale is unrestricted, the sale grants the purchaser an implied license to the patented combination for the life of the part. Anton/Bauer v. PAG, Ltd., 329 F.3d 1343, 1351-52 (Fed. Cir. 2003). K & A cites the deposition testimony of Plaintiff's witness Michael Filipiak, who stated that the receiver Norgren sells is not useful with anything other than the adapter and that one may place an order for receivers only–with no restrictions on that sale. K & A also claims that because Norgren cannot establish that Norgren's customers are infringers, K & A cannot contributorily infringe nor can it induce infringement.

Despite the strength of Defendant's argument, however, it has *no evidence* to establish that its parts are being sold to customers who purchased Norgren's receivers. In this case Defendant could be selling adapters to customers who have purchased copies of Norgren's receivers, as

Defendant is merely a middleman in the chain of sales and often sells to a party who then sells to the end-users.  It is well-established that it is incumbent upon an alleged patent infringer to know whether the patentee has sold the accused parts to the alleged infringer's customers without restriction.  As early as 1897 courts have held that a company in defendant K & A's position "must ascertain . . . that the one buying and using [the parts] for this purpose has a license, express or implied, to do so."  Thomson-Houston Elec. Co.. v. Ohio Brass Co., 80 F. 712, 723 (6th Cir. 1897); see also, Aro Mfg. Co., Inc. v. Convertible Top Replacement Co., 377 U.S. 476 (1964).  In this case K & A's failure to ascertain that information is fatal to its implied license defense.

## II. Patent exhaustion

Defendant's second affirmative defense is that Plaintiff exhausted its patent rights through the sale of receivers to its customers.  The exhaustion doctrine is based upon the proposition that a "sale by a patent owner of an article which is capable of use only in practicing the patent is a relinquishment of the patent monopoly with respect to that article."  United States v. Univis Lens Co., 316 U.S. 241, 249 (1942).  The United States Supreme Court recently explained, however, that an article includes the essential feature of a patent where "the only step necessary to practice the patent is the application of common processes or the addition of standard parts."  Quanta Computer, Inc. v. LG Elec., Inc., 553 U.S. 617, 633 (2008).  In this case, the adapters at issue are not standard parts.  The receivers *do not* include everything that is inventive about the patents because the receiver is only half of the patented combination.  Therefore, the sale of the receivers without adapters is not a patent-exhausting event.

## III.  Doctrine of permissible repair and replacement

4

Finally, under the doctrine of permissible repair and replacement, a party who has purchased a patented article is granted not only an implied license to practice the patent but also the right to repair the patented article. The Supreme Court has made it clear that a party cannot rely on the repair doctrine unless it ensures that its customers are licensed to practice the patented invention. See Aro, supra, at 486-87. Furthermore, the repair doctrine can be applied to the alleged infringer's sales only to the extent that the infringer shows, by substantial evidence, that the infringing products were used for permissible repairs, not infringing reconstruction. See Jazz Photo, supra, at 1102.

In this case defendant K & A has admitted that is does not know whether its customers have a license from Norgren. Therefore, just as with the affirmative defense of implied license, Defendant has failed to provide evidence that it knew its adapters were not infringing. For the reasons stated above, the court will grant Plaintiff's motion for partial summary judgment and deny Defendant's motion for summary judgment.

## ORDER

It is hereby **ORDERED** that plaintiff Norgren's June 25, 2012 motion for partial summary judgment is **GRANTED.**

It is further **ORDERED** that defendant K & A's motion for summary judgment is **DENIED.**

It is further **ORDERED** that plaintiff Norgren's August 10, 2012 motion to file a sur-reply is **DENIED AS MOOT.**


s/John Corbett O'Meara
United States District Judge

Date:  March 26, 2013

5

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 26, 2013, using the ECF system.

s/William Barkholz
Case Manager